DA 12-0394

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2013 MT 157

TERRY ALLEN LECOUNT,

      Plaintiff and Appellee,

  v.

STANLEY G. DAVIS,

      Defendant and Appellant.


APPEAL FROM:    District Court of the Nineteenth Judicial District,
In and For the County of Lincoln, Cause No. DV-06-168
Honorable James B. Wheelis, Presiding Judge


COUNSEL OF RECORD:

      For Appellant:

          Marybeth M. Sampsel; Measure, Sampsel, Sullivan & O'Brien, P.C.;
Kalispell, Montana

      For Appellee:

          S. Charles Sprinkle, Sprinkle Law Firm, PC, Libby, Montana


                  Submitted on Briefs:  March 13, 2013

                          Decided:  June 18, 2013


Filed:

_____
                        Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Stanley G. Davis appeals an order entered by the Nineteenth Judicial District Court, Lincoln County, granting Terry Allen LeCount's motion for summary judgment. The District Court ordered that LeCount could foreclose on a child support lien created by the Child Support Enforcement Division (CSED) of the Department of Public Health and Human Services (DPHHS or the Department) and assigned to him by his ex-wife. The court ordered that a Sheriff's sale be conducted to satisfy the lien. We reverse.

¶2 The only issue on appeal is whether the District Court correctly ruled that LeCount could foreclose on the CSED support lien.

## PROCEDURAL AND FACTUAL BACKGROUND

¶3 In April 1974, Christine and Stanley Davis were married. During the marriage, Christine gave birth to two children. In 1984, Christine and Stanley divorced and the District Court ordered Stanley to pay $175.00 per child to Christine each month for child support.

¶4 Stanley Davis (Davis) failed to make child support payments to Christine. By September 1996, Davis had accrued $44,975.00 in past-due child support payments. Consequently, CSED placed a support lien on all of his property, pursuant to §§ 40-5-247 and -248, MCA (1995), and filed the lien with the Lincoln County Clerk and Recorder's Office on September 16, 1996. The lien specifically applied to forty-two acres of land Davis owns in Lincoln County. Although the lien itself does not mention Christine by

2

name, it is not contested in this appeal that she had a right to the unpaid child support for which Davis was obligated.

¶5 Sometime after the Davises divorced, Christine married Terry Allen LeCount. Christine and Terry divorced in June 2006; in the final decree of dissolution, the District Court determined that the property settlement agreement drafted by Terry and Christine was conscionable and ordered the parties' assets and debts to be distributed according to its provisions. In accordance with that agreement, Christine assigned to Terry "all right, title, and interest in and to that certain Child Support Lien filed with the Lincoln County Clerk and Recorder . . . showing the obligor as Stanley G. Davis[.]" Christine's assignment was made in consideration of "certain obligations and payments" set out in her divorce proceedings with Terry. CSED was not a party to Christine and Terry's divorce.

¶6 In September 2006, Terry LeCount (LeCount) commenced a new proceeding against Davis in District Court seeking to foreclose on the CSED support lien. He also sought a writ of execution and an order that a sheriff's sale be conducted in satisfaction of the lien. LeCount filed an amended complaint, which was served on Davis in March 2007. Davis filed an answer requesting that LeCount's complaint be dismissed, in part, because in 1995 Christine ordered CSED to close her case. In June 2007, Davis filed a motion to dismiss the case on the ground that CSED had released its support lien on his property. Davis attached to the motion an exhibit demonstrating that, on May 29, 2007, CSED filed a "Release of Support Lien" with the Lincoln County Clerk and Recorder's

3

Office releasing its support lien against the forty-two acres Davis owns in Lincoln County.

¶7 LeCount responded to Davis's motion to dismiss by arguing that the release was "invalid" because (1) it "simply relinquish[ed] any rights the State of Montana may have to that lien but does not release the underlying lien"; (2) the release "is probably void and of no force and effect"; and (3) Davis had waived the affirmative defense of release.

¶8 Two weeks later, LeCount supplemented his response by filing with the court a document in which Patrick Quinn of CSED assigned the Department's interest in the support lien to LeCount, who in turn argued that the assignment could only mean that the support lien "remains enforceable" in spite of the release that Davis previously had submitted. In the assignment document, Quinn wrote that the "State of Montana hereby assigns all right, title, and interest in and to said [support lien] and any associated cause of action to Terry LeCount." Quinn cautioned, however, that:

> The State of Montana makes no warranty or guarantee that the State of Montana is in possession or control of an interest in said liens that could be assigned but, in the event any interest does exist and is currently had by the State of Montana in said liens and cause of action, any such interest is by this assignment hereby divested from the State of Montana and invested to Terry Allen LeCount.

The assignment was signed by Quinn and by LeCount's attorney, S. Charles Sprinkle, and was dated July 2, 2007.

¶9 Later that month, the District Court converted Davis's motion to dismiss into a motion for summary judgment. LeCount filed a "cross claim" for summary judgment in

4

his favor. The parties agreed that there were no disputed facts and that the matter should be resolved on summary judgment; both also waived oral arguments on the motions.

¶10 In October 2007, no ruling on his motion having been made, Davis filed a supplement to his list of exhibits and attached a letter from Arlene Coburn, an administrative assistant at CSED. The letter, dated July 6, 2007, stated that CSED "is no longer responsible for enforcing your child support obligation" because the "party who opened this case has requested we close it."

¶11 The matter remained unresolved for nearly five years, until LeCount filed a motion on May 24, 2012, requesting that the District Court grant his summary judgment motion and issue a writ of execution. By then, a new District Judge had assumed office; he issued an order five days later, on May 29, 2012, granting LeCount's requests. Davis replied to LeCount's motion, but his reply was not filed until May 30, 2012, and was not considered by the District Court. Davis appeals.

## STANDARD OF REVIEW

¶12 We review a district court's ruling on motions for summary judgment de novo, applying the same M. R. Civ. P. 56(c) criteria as the district court. *Turner v. Wells Fargo Bank, N.A.*, 2012 MT 213, ¶ 11, 366 Mont. 285, 291 P.3d 1082 (citing *Ternes v. State Farm Fire & Cas. Co.*, 2011 MT 156, ¶ 18, 361 Mont. 129, 257 P.3d 352). Summary judgment is appropriate only when the moving party demonstrates both the absence of any genuine issue of material fact and entitlement to judgment as a matter of law. *Turner*, ¶ 11. A district court's conclusion that no genuine issue of material fact exists

and that the moving party is entitled to judgment as a matter of law is a legal conclusion we review for correctness. *Turner*, ¶ 11.

## DISCUSSION

¶13 *Did the District Court correctly rule that LeCount could foreclose on the Child Support Enforcement Division support lien?*

¶14 Davis argues that a support lien, as created by § 40-5-248, MCA, is a unique administrative remedy designed to enforce child support obligations; as such, the lien "belongs only to CSED and is enforceable only by CSED" pursuant to § 40-5-247, MCA. Although Christine may have been entitled to the child support obligation that gave rise to the support lien, Davis contends, none of the applicable statutes suggests that the obligee directly can sell, transfer, assign or foreclose upon CSED's support lien. In any event, Davis avers that CSED already had released the child support lien on his property when it transferred its rights in that lien to LeCount, thus rendering the transfer, as well as LeCount's attempt to foreclose on the support lien, "null, void, and of no effect."

¶15 LeCount counters that the lien he was assigned is "transferrable, assignable, and constitutes a property right which may be enforced by any available civil remedy." While acknowledging that a child support lien is created by statute, LeCount contends that there is no statutory restriction on the right of an obligee to assign her interest in a child support lien and that a third party can foreclose on a child support lien. Finally, he asserts that Davis's claim that the support lien was released by CSED is an affirmative

6

defense and, by failing to raise any affirmative defenses in his answer, Davis waived his right to do so pursuant to M. R. Civ. P. 8(c).

¶16 Both parties agree that child support liens were created by the Montana Legislature as a means to allow the Department to enforce past-due child support obligations. These liens come into existence either when the Department has entered a final decision in a contested child support proceeding finding a sum certain debt by the obligor or upon registration of a court or administrative child support order that establishes a sum certain amount of delinquent support. Section 40-5-248(1)(a) and (b), MCA. The support lien applies to all real and personal property owned by the obligor that can be located within the State of Montana, as well as all property that the obligor acquires at a later date, § 40-5-248(5), MCA, up to the amount required to satisfy the underlying obligation, § 40-5-248(2), MCA. Support liens are perfected as to real property when the Department files a notice of support lien with the clerk of the district court in the county in which the obligor's real property is located. Section 40-5-248(7)(a), MCA.

¶17 The support lien remains in effect until "the delinquency upon which the lien is based is satisfied or until the applicable statute of limitations expires, whichever occurs first." Section 40-5-248(4), MCA. An obligor is "liable *to the department* in an amount equal to 100% of the value of a support lien or warrant for distraint" if the obligor "pays over, releases, sells, transfers, or conveys real or personal property subject to a support lien" or if the obligor "fails or refuses to surrender upon demand property . . . when

7

presented with a warrant for distraint by a sheriff or levying officer *under the provisions of 40-5-247*." Section 40-5-242(2), MCA (emphases added). DPHHS is required to keep a record of all support liens it has asserted, § 40-5-248(6), MCA, and to take all necessary steps to release the lien once it receives payment in full, plus interest and fees, § 40-5-248(10)(a), MCA. The Department also has discretion to release the child support lien "if it determines that the lien is unenforceable." Section 40-5-248(10)(b), MCA.

¶18 Pursuant to § 40-5-248(13), MCA, if the Department decides to enforce or collect upon the child support lien, it may do so by following the steps laid out in § 40-5-247, MCA. That section establishes the detailed procedures the Department must satisfy before it can execute upon child support liens through a warrant for distraint. Section 40-5-247(1)-(8), MCA. The use of the warrant for distraint "is not exclusive," however, "and *the department* may use any other remedy provided by law for the collection of child support amounts." Section 40-5-247(9), MCA (emphasis added).

¶19 LeCount's argument that he—as the alleged obligee of the support lien—directly can enforce the lien "by any available civil remedy" is an incorrect statutory interpretation. LeCount cites to two statutes—§§ 40-5-290 and 71-3-110, MCA— in support of this argument. Neither of those statutes makes mention of, or otherwise applies to, child support liens created pursuant to § 40-5-248, MCA. To the contrary, both statutes refer to the enforcement of the *obligation*, not foreclosure of a lien. Section 40-5-290, MCA, in particular, provides for child support payments to follow the child; thus, the "obligation" must be "paid to . . . any . . . person . . . entitled by law, assignment,

8

or similar reason to receive or collect the child support obligation." Section 40-5-290(1)(c), MCA. It says nothing about a lien.

¶20 The plain language of §§ 40-5-247 and -248, MCA, makes clear that the child support lien and the warrant of distraint to enforce it are purely creatures of statutes the Legislature passed to create a process by which child support liens may be established and foreclosed. The statutes grant exclusive authority to the Department to foreclose upon a child support lien, which it is authorized to do by utilizing a warrant for distraint, § 40-5-248(13), MCA, or "any other remedy provided by law for the collection of child support amounts," § 40-5-247(9), MCA. These two statutes do not allow for the obligee directly to enforce a child support lien, even though the obligee may be entitled to the underlying child support obligation.

¶21 Furthermore, LeCount is mistaken in his assertion that he had a valid and protectable interest in the child support lien on Davis's property. LeCount argues that, because Christine "assigned 100% of all of her right, title and interest" in the support lien to him as part of their divorce settlement proceedings, approved by the dissolution court, he has an interest in the support lien. As Davis points out, however, §§ 40-5-247 and -248, MCA, make it clear that DPHHS, not Christine, held the interest in the child support lien. The Department was not a party to the divorce proceeding, so the incorporation of the lien transfer in that proceeding could not have affected the Department's rights in the lien. LeCount did not have a valid interest in the child support lien when he filed his action against Davis.

¶22  The Department's subsequent agreement to transfer whatever interest it had in the support lien to LeCount on July 2, 2007, conferred no enforceable interest to him.  The Department cautioned that it could not guarantee it had any interest in the lien as of that date and, in fact, it already had released the lien prior to that date.  Sections 40-5-247 and -248, MCA, do not provide a means by which the Department may transfer its interest in a child support lien to a third party; as explained above, the statutes vest exclusive rights in the Department to establish and enforce such a lien.  Because our conclusion as to this point is dispositive, we need not consider LeCount's argument that Davis waived his right to assert the affirmative defense of release.

¶23  For the foregoing reasons, we conclude that the Department alone holds the rights to and is authorized to foreclose on a child support lien under the express terms of §§ 40-5-247 and -248, MCA.  Those statutes precluded LeCount from obtaining an enforceable interest in the support lien.

¶24  Accordingly, the District Court's order granting Terry Allen LeCount's motion for summary judgment is reversed and the case is remanded for entry of judgment in favor of the appellant, Stanley G. Davis.


                                                    /S/ BETH BAKER

We concur:

/S/ PATRICIA COTTER
/S/ MICHAEL E WHEAT
/S/ JIM RICE
/S/ LAURIE McKINNON